AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### SOUTHERN DISTRICT

| | |
|---|---|
| KEITH GRULLARD and JOSE ROSARIO | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| THE CITY OF NEW YORK, POLICE OFFICER HIPOLITO DURAN, SERGEANT MAHBUBUR KHAN and POLICE OFFICERS "JOHN DOE" 1-5, individually and in their official capacities | ) |
| *Defendant(s)* | ) |

Civil Action No. 15-6612

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Zachary W. Charter, Esq., The City of New York Law Department, 100 Church Street, 4th Floor, New York, N.Y. 10007
P.O. Hipolito Duran, Shield No. 27794, 30th Precinct, 451 West 151st Street, New York, N.Y. 10031
SGT. Mahbubur Khan, Shield No. 2758, 30th Precinct, 451 West 151st Street, New York, N.Y. 10031

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Okun, Oddo & Babat, P.C., Attorneys for Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, 8 West 38th Street, 10th Floor, New York, N.Y. 10018 (212) 642-0950, File No. 10483

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH GRULLARD and JOSE ROSARIO,<br><br>Plaintiffs,<br><br>- against -<br><br>THE CITY OF NEW YORK, POLICE OFFICER HIPOLITO DURAN, SERGEANT MAHBUBUR KHAN and POLICE OFFICERS "JOHN DOE" 1–5, individually and in their official capacities,<br><br>Defendants. | Civil Action No:<br><br>**VERIFIED COMPLAINT**<br><br>Jury Trial Demanded<br><br>ECF CASE |

Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, by their attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff, KEITH GRULLARD, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Plaintiff, JOSE ROSARIO, is, and has been, at all relevant times, a resident of the City and State of New York.

8.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York

9.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10.     At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER HIPOLITO DURAN, SERGEANT MAHBUBUR KHAN, and POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14.     On or about March 6, 2015, at approximately 4:00 p.m., plaintiffs, KEITH GRULLARD and JOSE ROSARIO, were walking lawfully on 146th Street between Amsterdam Avenue and Convent Avenue in New York County in the City and State of New York.

15.     At that time and place, the above named defendant officers arrested the plaintiffs, KEITH GRULLARD and JOSE ROSARIO.

16.     At that time and place, the above named defendant officers placed the plaintiffs under arrest, handcuffing each of their arms tightly behind their backs.

17.     At no time on March 6, 2015, did the plaintiffs commit any crime or violation of law.

18.     At no time on March 6, 2015, did defendants possess probable cause to arrest the plaintiffs.

19.     At no time or March 6, 2015, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest any of the plaintiffs.

20.     Thereafter, the officers searched the plaintiffs, KEITH GRULLARD AND JOSE ROSARIO.

21.     At no time did the defendant officers possess the particularize suspicion necessary to justify an invasive search.

22.     Thereafter, the plaintiffs were detained in a paddy wagon for approximately four (4) hours.

23.     Thereafter, the plaintiffs were transported to a nearby precinct and held there for approximately seven (7) hours.

24.     Thereafter, the plaintiffs were transported to central bookings and held there for approximately forty-two (42) hours, and released at approximately 9 p.m. on March 8, 2015.

25.     As a result of the unlawful acts of the defendants, the plaintiffs each spent approximately fifty three (53) hours in custody.

26.     At no point in time did the defendants advised the plaintiffs why they were being arrested or what they were being charged with.

27.     As a result of the foregoing, plaintiffs, KEITH GRULLARD and JOSE ROSARIO, sustained, inter alia, physical pain, mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28.     Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiffs, KEITH GRULLARD and JOSE ROSARIO, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

<u>**SECOND CLAIM FOR RELIEF FOR**</u>
<u>**FALSE ARREST UNDER 42 U.S.C. § 1983**</u>

34. Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, they were put in fear for their safety, and were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

<u>**THIRD CLAIM FOR RELIEF FOR**</u>
<u>**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**</u>

37. Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

38.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

39.     Specifically the defendants utilized excessive force in handcuffing the plaintiffs.

40.     As a result of the foregoing, the plaintiffs, KEITH GRULLARD and JOSE ROSARIO, sustained bodily injury.

**FOURTH CLAIM FOR RELIEF FOR UNLAWFUL
AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983**

41.     Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

42.     As a result of the forgoing, plaintiffs, KEITH GRULLARD and JOSE ROSARIO, were subject to unreasonable and intrusive searches that shock the conscious and are in violation of the plaintiffs' rights as set forth in the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

43.     As a result of the aforementioned conduct by the defendants, plaintiffs' bodies were illegally, improperly searched without a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**FIFTH CLAIM FOR RELIEF FOR
MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

44.     Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

45.     Defendants arrested and incarcerated plaintiffs, KEITH GRULLARD and JOSE ROSARIO, in the absence of any evidence of criminal wrongdoing, notwithstanding their

knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

47.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48.     The aforesaid customs, policies, usages, practices, procedures and rules of the city of New York and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

        i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

        ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

        iii.   falsifying evidence and testimony to support those arrests;

        iv.    falsifying evidence and testimony to cover up police misconduct.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, KEITH GRULLARD and JOSE ROSARIO.

50.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

51.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

52.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

53.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were incarcerated unlawfully.

54.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

55.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

56.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

57.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the rights:

   i.      not to be deprived of liberty without due process of law;

   ii.     to be free from seizures and arrest not based upon probable cause;

   iii.    to be free from unwarranted and malicious criminal prosecution;

   iv.     to receive equal protection under the law.

## PENDANT STATE CLAIMS

58.     Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and

reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

59.     On or about March 26, 2015, and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

60.     Defendant, THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61.     Plaintiffs appeared for a hearing pursuant to General Municipal Law § 50-h on June 18, 2015.

62.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

63.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

64.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65.     Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

66.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

67.     The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant THE CITY OF NEW YORK.

68.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

69.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

70.     As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

71.     Plaintiffs, KEITH GRULLARD and JOSE ROSARIO, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

72.     Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

73.     Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

74.     Due to the negligence of the defendants as set forth above, plaintiffs suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 20, 2015

OKUN, ODDO & BABAT, P.C.

By: _____
    Adam D. Polo, Esq. (8912)
    Attorneys for Plaintiffs
    KEITH GRULLARD and
    JOSE ROSARIO
    8 West 38th Street, 10th Fl.
    New York, New York 10018
    (212) 642-0950
    File:  10483

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH GRULLARD and JOSE ROSARIO,<br><br>Plaintiffs,<br><br> - against -<br><br>THE CITY OF NEW YORK, POLICE OFFICER HIPOLITO DURAN, SERGEANT MAHBUBUR KHAN and POLICE OFFICERS "JOHN DOE" 1–5, individually and in their official capacities,<br><br>Defendants. | Civil Action No:<br><br><br>**VERIFICATION** |

STATE OF NEW YORK   )
                         : ss.:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true.  The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office.  The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
       August 20, 2015

_____
ADAM D. POLO